**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: CV - _____**

| | |
|---|---|
| Cheryl Skjefte,<br><br>          Plaintiff,<br><br>v.<br><br>Valentine & Kebartas, Inc., and Anthony Smith, Individually,<br><br>          Defendants. | <u>**COMPLAINT**</u><br><br><u>**JURY TRIAL DEMANDED**</u> |

## <u>JURISDICTION</u>

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.      Pendant state law claims are included pursuant to 28 U.S.C. § 1367.

## <u>PARTIES</u>

4.      Plaintiff Cheryl Skjefte, is a natural person who resides in the City of Maple Grove, Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Valentine & Kebartas, Inc. (hereinafter "Defendant V & K") is a collection agency operating from an address 15 Union Street, Building 6,

Lawrence, MA 01840, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.    Defendant Anthony Smith (hereinafter "Defendant Smith") and is an employee who works for Defendant V & K, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.    Sometime prior to May 1, 2008, Plaintiff allegedly incurred a "consumer debt" as that term is defined by 15 U.S.C. §1692a(5), with Ecare Contact Centers.

8.    The alleged delinquent account was transferred or assigned to Defendant V & K by Ecare Contact Centers sometime prior to May, 2008.

9.    On May 8, 2008, Defendant V & K communicated with Plaintiff about this alleged debt by letter.

10.    In response, Plaintiff wrote a letter to V & K which was mailed on June 4, 2008, by certified mail (receipt #70072680000238747520) requesting validation of the debt that was the subject of the V & K letter dated May 8, 2008.

11.    Defendant V & K received this letter according to United States Postal Service records on June 9, 2008.

12.    To date no validation has provided by V & K in violation of 15 U.S.C. § 1692g(b).

13.    On the dates of  June 9, 10, 19, 20, 24, 25, and 2 times on the 26th of 2008 V & K called Plaintiff by telephone, in violation of 15 U.S.C. §§ 1692d(5) and 1692g(5).

14.   On the 24th of June, at 4:15 p.m. a male calling himself "Anthony Smith" left a message on Plaintiff's cell phone that he was calling about "Plaintiff's case #7489563," in violation of 15 U.S.C. § 1692e.

15.   That on the 24th and 25th of June, Defendant Smith called Plaintiff's supervisor Mary Aderman and asked for Plaintiff's phone number stating that "Plaintiff was taking a loan out a loan and I need Cheryl's phone number," in violation of 15 U.S.C. §1692c(a)(3).

16.   This 2nd call to Ms Aderman at Plaintiff's work place was in violation of 15 U.S.C. § 1692b(3).

17.   Ms. Aderman in June 25th, 2008 phone conversation, told Defendant Smith that if Plaintiff was seeking a loan then Defendant Smith should have Plaintiff's phone numbers and refused to give the number to Defendant Smith.

18.   During the June 25th, 2008 phone conversation, Ms. Aderman told Defendant Smith not to call at work ever again.

19.   Plaintiff received yet another letter from Defendant V & K this time with a different Account number for Ecare and sought $878.00 which is twice what was asked for compared to the May 8, 2008 letter from Defendant V & K.  Again this is a violation of 15 U.S.C.§§ 1692g(a)(4) and (b), 1692e(2) and 1692f(1).

20.   Defendants' conduct violated 15 U.S.C. §§ 1692c(b), 1692d, 1692e and 1692f.

21.   Defendants' conduct has caused Plaintiff actual damages including anger, emotional distress, embarrassment and humiliation.

## TRIAL BY JURY

22.   Plaintiff is entitled to and hereby demands a trial by jury.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

23.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25.   As a result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff at her work place by calling her boss twice with a "made up" story about "loans".

28.     Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt.

29.     Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs at work with her supervisor.

30.     The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

- actual damages from Defendants for the emotional distress suffered as a result of the FDCPA violations and invasion of privacy in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.


Dated this 21st day of November, 2008.      Respectfully submitted,


By: s/Thomas J. Lyons Jr.
**LYONS LAW FIRM P.A.**
Thomas J. Lyons, Esq.
Attorney I.D. #:  65699

367 Commerce Court
Vadnais Heights, MN  55127
Telephone:  (651) 770-9707
Facsimile:  (651) 770-5830
tlyons@lyonslawfirm.com

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com

ATTORNEYS FOR PLAINTIFF

**<u>VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF</u>**

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF ANOKA               )

      Cheryl Skjefte, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


                             s/Cheryl Skjefte_____
                             Cheryl Skjefte


Subscribed and sworn to before me
this <u>10th</u> day of  November, 2008.


s/Thomas J. Lyons_____
Notary Public